UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC J. LUBBERTS,

                Plaintiff,

        v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

<u>DECISION & ORDER</u>

14-CV-6443P

# <u>PRELIMINARY STATEMENT</u>

Plaintiff Eric J. Lubberts ("Lubberts") brought this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). (Docket # 1). The Commissioner's decision denied Lubberts's application for Disability Insurance Benefits ("DIB"). (*Id.*). Pursuant to 28 U.S.C. § 636(c), the parties consented to the disposition of this case by a United States magistrate judge. (Docket # 7). On March 16, 2016, this Court entered a judgment reversing the Commissioner's denial of DIB and remanding the case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings. (Docket # 15).

Pending is Lubberts's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket ## 18, 23). Lubberts seeks fees based upon the expenditure of 55.95 hours, including the time spent on this motion. (*Id.*).[1]

---

[1] Based upon this Court's review of Lubberts's counsel's timesheets, it appears that counsel spent 44.10 hours on this case through oral argument – 38.8 hours prior to the argument and 5.3 hours preparing for and

Although Lubberts's counsel states reimbursement for that time amounts, plus $425.38 in costs, amounts to $11,258.07 (Docket # 23-2 at ¶ 2), he requests payment of a total of $10,099.19 (*id.* at ¶ 3). The Commissioner opposes the motion, contending that the number of hours, 55.95, for which counsel seeks reimbursement is "excessive and unreasonable." (Docket # 21).

In addition, Lubberts also requests that the Commissioner make any EAJA award payable directly to his counsel, and that this Court impose a deadline for the Commissioner to determine whether Lubberts owes a federal debt that might offset his EAJA award. (Docket # 18-1 at 12).

For the below reasons, Lubberts's motion is granted in part and denied in part.

## DISCUSSION

### I.  Legal Standard

The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "Fees and other expenses" include "reasonable attorney fees," which "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *See* 28 U.S.C. at § 2412(d)(2)(A).

attending the argument. It also appears that he spent 10.40 hours on this motion – 4.85 hours on the initial brief and 5.55 hours on the reply. (Docket ## 18-2, 18-3, 23-2, 23-3).

Courts determine EAJA fees by "examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute." *James v. Colvin*, 66 F. Supp. 3d 365, 367 (W.D.N.Y. 2014). "The [c]ourt must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." *Id.* at 367. "The [c]ourt has broad discretion to determine what amount of time is 'reasonably' expended." *Scott v. Astrue*, 474 F. Supp. 2d 465, 466 (W.D.N.Y. 2007).

"[G]enerally, district courts in this Circuit have held that a routine Social Security case requires from twenty to forty hours of attorney time." *Id.* at 466. "Where the facts of a specific case warrant it, however, courts do not hesitate to award fees in excess of forty hours." *Id.* at 466 (collecting cases). "A larger award may be reasonable where a case is not routine because of the factual, substantive, and procedural complexity of the case; the size of the administrative record; and the efficacy of the attorney's efforts." *Forrest v. Colvin*, 2016 WL 6892784, *3 (S.D.N.Y. 2016).

## II.     Analysis

Here, the Commissioner does not dispute that Lubberts was the "prevailing party" or contend "the position of the United States was substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). Nor does the Commissioner challenge Lubberts's hourly rates, which are set at the statutory cap and increased based on the cost of living. (Docket ## 21 at 10 n.7; 18-4 at 2). Thus, the Court's analysis is limited to the reasonableness of the hours spent by counsel.

### A.     Reasonableness of the Hours Expended

Lubberts argues that the time expended was justified and reasonable. As support, Lubberts emphasizes: no case is routine; the administrative transcript was 442 pages; his counsel

was unfamiliar with the case because he had different representation at the administrative level; the process of editing his motions, especially his motion for judgment on the pleadings, required care and took time; and, he achieved a successful result. (Docket # 18-1 at 6-9).

The Commissioner urges this Court to reduce Lubberts's claimed hours "to somewhere in the middle-range of the twenty-forty hour range." (Docket # 21 at 11). The Commissioner maintains that nothing unique about this case justified expending as many hours as counsel did. The Commissioner observes that the administrative transcript was "quite small," consisting of a 10-page ALJ decision, a 22-page hearing transcript, and "237 pages of medical records, of which 36 pages pre-date the period at issue." (*Id.* at 5). Further, the Commissioner notes, Lubberts's counsel is an experienced Social Security attorney and "[t]his case did not involve any issues of first impression, unique or extraordinary facts, or any procedural complications." (*Id.* at 5-6). Moreover, Lubberts did not file a reply brief for his motion for judgment on the pleadings.

Considering the relevant factors, the Court notes that it held oral argument on the motion for judgment on the pleadings and that Lubberts achieved a favorable result. Lubberts's counsel did not represent Lubberts at the administrative level, and, as a result, likely spent more time than he otherwise would have familiarizing himself with the record. *See*, *e.g.*, *Forrest v. Colvin*, 2016 WL 6892784 at *5 (considering, as a factor for "an award at the upper bound of this Circuit's presumptively reasonable spectrum," the fact that "plaintiff's counsel did not represent [p]laintiff at the administrative level, and was thus unfamiliar with this case at its onset"); *Woody v. Colvin*, 2015 WL 728179, *3 (S.D.N.Y. 2015) (same).

The administrative record was not unusually long. Indeed, Lubberts states in his reply brief that the transcript "is one in the mid-range of cases." (Docket # 23 at 3). Lubberts

has not demonstrated that this case presented novel or complex factual or legal issues, especially for an experienced Social Security attorney, or that the case was procedurally complex. *See Woody v. Colvin*, 2015 WL 728179 at *1 ("[w]hen a case does not raise any extraordinarily difficult or complex legal or factual issues, courts have determined that the hours spent litigating it should not exceed the guideline range") (internal quotations omitted).

Weighing these considerations, the Court finds that the time counsel expended was somewhat excessive, but that Lubberts's award should fall within "the upper bound of this Circuit's presumptively reasonable spectrum." *See Forrest*, 2016 WL 6892784 at *5. The 38.8 hours counsel spent prior to oral argument, which did not include preparation of a reply brief, will be reduced to 30 hours. Five of those hours should be billed at the 2014 rate, and the remainder, 25 hours, billed at the 2015 rate. The 6.75 hours billed for the oral argument should be reduced to 4.5 hours, billed at the 2016 rate. The Court finds that 3 hours of preparation was reasonable for the oral argument in this case, plus another 1.5 hours for the argument itself.

The 10.40 hours billed for this motion should also be reduced. Lubberts's initial memorandum of law is quite similar to another his counsel filed in an earlier case. *See*, *e.g.*, *James v. Colvin*, No. 10-cv-6429, Docket # 21-1 (66 F. Supp. 3d 365 (W.D.N.Y. 2014)). Nothing is wrong with that approach; it simply suggests that more than 10 hours of billed time is excessive. Therefore, the Court will reduce the time spent on the initial brief to 2 hours, and will reduce the time spent on the reply brief to 3 hours, billed at the 2016 rate. *See Tillack v. Berryhill*, 2017 WL 3976308, *3 (W.D.N.Y. 2017) (reimbursing claimant for 3 hours spent on seven-page EAJA reply brief).

As a result, Lubberts shall be reimbursed for a total of 39.5 hours.

B.    **Adjusted EAJA Award Calculation**

The Commissioner does not dispute the hourly rates claimed by Lubberts – $193.84 for 2014, $193.63 for 2015, and $193.48 for 2016.  These rates are set at the statutory cap and adjusted for the cost of living (Docket # 18-4) and are reasonable.  Accordingly, Lubberts's adjusted EAJA award calculation is $7,648.01 ((5 × $193.84) + (25 × $193.63) + (9.5 × $193.48)).  In addition, Lubberts is entitled to $425.38 for costs and expenses, consisting of a $400 filing fee, $22.48 for postage, and $2.90 for research.  *See*, *e.g.*, *Bailey v. Astrue*, 2013 WL 2372295, *6 (E.D.N.Y. 2013) (awarding costs under EAJA for filing fee, postage, and electronic research fees.

III.    **Payment Recipient and Deadline for Determining Offsets**

Lubberts also requests that the award be made payable to his counsel, pursuant to an executed assignment (Docket # 18-5), and that this Court "expressly define" a deadline for the Commissioner "to inquire of any debt offset" Lubberts might owe (Docket # 18-1 at 12).  With respect to the first request, the Supreme Court has held that fee awards pursuant to 28 U.S.C. § 2412(d) are "payable to the litigant," not the litigant's attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  Therefore, this Court finds that the "name on the check must be [Lubberts's] and not [his] attorney's," although the check may be mailed to counsel.  *See Scott v. Astrue*, 2011 WL 32544, *3 (W.D.N.Y. 2011).  With respect to the second request, the Court declines to set a deadline to determine any debts Lubberts owes.  *See Scott v. Astrue*, 2011 WL 32544 at *4 ("[f]or now, there is no reason to believe that defendant actually will prolong any offset determination indefinitely[;] [a]lso, plaintiff has not adequately explained what authority the [c]ourt has to expedite the process of determining offsets").

<u>**CONCLUSION**</u>

For these reasons, Lubberts's motion for attorney's fees and costs pursuant to the

EAJA **(Docket # 18)** is **GRANTED in part and DENIED in part**.  The Commissioner is

ordered to pay Lubberts $7,648.01 in attorney's fees and $425.38 in costs and expenses, the

payment to be delivered or mailed to Lubberts's counsel.  After payment, Lubberts is directed to

remit the fees and costs owed to counsel pursuant to their fee agreement.  Finally, the Court

declines Lubberts's request to impose a deadline to determine any offset debts owed by Lubberts

without prejudice to renewal in the event that payment is not made within 120 days of this

Decision and Order.

**IT IS SO ORDERED.**


_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      December 22, 2017